IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Judge

Civil Action No. 09-cv-01922-LTB

ALBERTA L. HADDOCK,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

    Defendant.

_____

ORDER
_____

This case is before me on Plaintiff Alberta L. Haddock's Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act (the "EAJA"), 28 U.S.C. § 2412 [Doc # 17]. For the reasons set forth below, I deny the motion.

## I. Standard of Review

The EAJA provides for an award of attorney fees to a prevailing party, other than the United States, unless the Court finds that the position of the United States was substantially justified or special circumstances make an award of fees unjust. 28 U.S.C. § 2412(d)(1)(A). The substantial justification test is whether there is a "reasonable basis both in law and fact." *Pierce v.Underwood,* 487 U.S. 552, 565 (1988). "[A] position can be justified even though it is not correct, and . . . it can be substantially (*i.e.*, for the most part) justified if a reasonable person could think it correct." *Id.* at 566 n.2. The Commissioner bears the burden of demonstrating that its position was substantially justified. *Gilbert v. Shalala,* 45 F.3d 1391, 1394 (10th Cir. 1995).

## II.  Analysis

Plaintiff raised four issues on appeal.  I affirmed the ALJ's decision as to three of the issues and reversed the decision as to the remaining issue.  The reversal was based on my conclusion that the ALJ's hypothetical questions to the vocational expert did not mirror the RFC that he assessed for her and included GED levels that were unsupported by substantial evidence in the record.  More specifically, I concluded that the ALJ erred in not including a limitation about Plaintiff's ability to understand, remember, and carry out only simple instructions and in assuming that Plaintiff could satisfy the lowest GED levels in reasoning, math, and language.  I further concluded that remand was necessary to address these flaws in the hypothetical questions asked of the vocational expert

Notwithstanding my conclusion that the ALJ erred in his questioning of the vocational expert, I am satisfied that the Commissioner was substantially justified in taking the position that this questioning accurately reflected Plaintiff's RFC and Plaintiff's abilities.  First, the Commissioner has demonstrated that it was reasonable to argue that the ALJ's reference to Plaintiff's ability to perform simple, "unskilled tasks" in his questioning of the vocational expert encompassed Plaintiff's ability to only understand, remember, and carry out simple instructions since the demands of  "unskilled work" include this capability.  *See* Social Security Ruling 96-9p, 1996 WL 374185 at *9.  Second, the Commissioner has demonstrated that it was reasonable to argue that the ALJ conclusion that Plaintiff could satisfy the lowest GED levels in reasoning, math, and language based on evidence in the record including Plaintiff's trial testimony.

Because the Commissioner's defense of Plaintiff's appeal of the denial of her claim for supplemental security income was substantially justified, Plaintiff 's Motion for Award of

Attorney's Fees Pursuant to the EAJA [Doc # 17] is DENIED.

Dated: February   25  , 2011 in Denver, Colorado.

                                              BY THE COURT:

                                                s/Lewis T. Babcock
                                              LEWIS T. BABCOCK, JUDGE